UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARRIE WATERS,

                Plaintiff,

v.                               Case No. 19-2525-KHV-GEB

FUJI HEAVY INDUSTRIES LTD., and
SUBARU OF AMERICA, INC.,

                Defendants.

## **ORDER**

This matter is before the Court on Defendants' Motion for the Entry of a Protective Order pursuant to Fed. R. Civ. P. 26 (c). (ECF No. 23.) The Court has considered the parties' respective positions and oral arguments during the March 4, 2020 conference, Defendants' motion, and Plaintiff's timely response (ECF No. 26), and is now prepared to rule. For reasons set forth below, the Court **GRANTS** Defendants' Motion for Entry of Protective Order.

**I.**     **Background[1]**

The parties agree a protective order is needed in this case, and they have worked together in an attempt to agree on a single document governing the protection of the

---

[1] Unless otherwise noted, the information recited in this section is taken from Plaintiff's Complaint, ECF No. 1; and Defendants' Answers, ECF Nos. 4, 11. This background information should not be construed as judicial findings or factual determinations.

documents to be exchanged in this case. A brief description of this case would be helpful in putting the issues into context.

This is a product liability case arising out of a single-car accident. On January 8, 2018, as Plaintiff was driving to work during the early morning hours, she lost control of her Subaru Impreza, a vehicle marketed and distributed by Subaru of America, Inc., and designed, developed, tested, and manufactured by Defendants Fuji Heavy Industries, LTD (both Defendants will be referred to as the "Subaru Defendants").[2] Plaintiff alleges as a direct and proximate result of the negligent acts of the Subaru Defendants, she suffered serious personal injuries including severe traumatic brain injury. The Subaru Defendants deny liability for Plaintiff's injuries.

Following the filing of the initial pleadings in this case, on March 4, 2020, the Court convened a scheduling conference with the parties. During the scheduling conference, the parties advised the Court of a dispute regarding the propriety of including sharing provisions in the protective order.

## II. Stipulated Protective Order Disputes

Although the parties agreed on most of the provisions of their jointly-proposed Protective Order, they disagreed on the following paragraphs:

**Plaintiff's proposal:**[3]

> 13. At the completion of this litigation, all documents and copies of documents which have been designated as confidential may, at the

---

[2] Def. Fuji Heavy Industries LTD's Answer, ECF No. 11 (alleges its name is properly known as Subaru Corporation).
[3] Defs.' Motion, ECF No. 23, Ex. 2 at ¶¶ 13-14.

2

option of the requesting party, be kept or returned to the producing party. If kept, then this Order shall remain in force.

14. All documents and copies of documents designated as Confidential may be shared with other counsel limited to cases in which they represent a party filed in a lawsuit alleged to have been injured in a crash involving a seat and/or seat belt failure of a model year 2000-2007 Subaru Impreza, Subaru Outback or Saab 9-2x. such disclosure may be made only after the counsel receiving the materials agrees in writing to be bound by the provisions of this Order.

**Defendants' proposal:[4]**

13. All documents and copies of documents designated as Confidential shall be returned to the producing party or producing non-party at the conclusion of this case. This paragraph shall require the return of the original materials produced, together with all photocopies, duplicates, abstracts, or reproductions of such materials.

After review of the disagreements, the Court construes the dispute as containing two primary issues. Each disputed provision is addressed in turn.

### A. Sharing Provision

The primary dispute between the parties' proposals is whether the protective order shall contain a "sharing provision" which would allow Plaintiff to share documents disclosed during litigation with litigants in other similar lawsuits.

#### 1. Arguments of the Parties

Plaintiff primarily argues "[s]haring provisions reduce the volume of discovery requests and allow parties to ensure that the production of documents is consistent and complete."[5] During the March 4, 2020 scheduling conference, Plaintiff's counsel admitted he was unaware of any pending litigation meeting the requirements of the proposed sharing

---

[4] Defs.' Motion, ECF No. 23, Ex. 1 at ¶ 13.
[5] Pl.'s Resp., ECF No. 26 at ¶ 7.

3

provision. However, Plaintiff argues because the proposed sharing provision is limited to sharing documents with counsel in pending lawsuits, the provision is narrow enough to satisfy Defendants' concerns.[6] In addition, Plaintiff points out sharing provisions in protective orders are not uncommon across the District of Kansas, citing two cases where magistrate judges permitted sharing provisions in protective orders with limitations.[7]

Defendants argue the District of Kansas has more consistently rejected the inclusion of sharing provisions in protective orders.[8] Defendants further reason preemptive sharing provisions are discouraged for the following reasons: 1) it places unilateral decision making with plaintiff's counsel; 2) it eliminates the opportunity for defendants to weigh in; 3) it removes control from the court; 4) the inclusion of sharing provisions in this case greatly increases the risk that Defendants' commercially sensitive information will be obtained by competitors; 5) sharing discovery would not further the efficient resolution of this case; and 6) sharing discovery would impose an additional burden of non-parties' compliance with the protective order.[9]

2. **Analysis**

As the parties are aware, Fed. R. Civ. P Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection

---

[6] *Id*. at ¶ 14.
[7] Plaintiff cites *Cox v. Ford Motor Company,* No. 18-2289-JAR-KGG (D. Kan.) (Stip. Protective Order ¶ 6.f, ECF No. 44, filed Oct. 26, 2018); and *Cowan v. General Motors Corp.*, No. 06-1330-MLB-DWB, 2007 WL 1796198, at *3-4 (D. Kan. June 19, 2007).
[8] Defs.' Motion, ECF No. 23, Ex. 1 at ¶ 2.
[9] *Id*. at 2.

is required."[10] In this instance, the Court in its discretion adopts the reasoning of the Subaru Defendants.

The most recent decision involving the resolution of disputes on sharing provisions is *Butler v. Daimler Trucks North America LLC*,[11] where Magistrate Judge James O'Hara rejected identical arguments being made here by Plaintiff. In *Butler*, plaintiffs proposed a sharing provision that would allow their "counsel to share confidential information with lawyers involved in pending and contemplated lawsuits" against defendant involving similar product-liability claims.[12] Although the matter before this Court does not involve a sharing provision that would permit sharing documents with lawyers in "contemplated lawsuits," it is clear judges in the District of Kansas do not look favorably on proposed sharing provisions even when they limit the sharing of documents to collateral pending litigation.

In fact, judges in the District of Kansas have largely rejected the inclusion of sharing provisions in protective orders. For example, in *McKellips v. Kumho Tire Co., Inc.,*[13] the plaintiff sought the inclusion of a sharing provision that was limited to other pending cases. There, as in the matter before this Court, plaintiffs' counsel could not point to any pending case against defendants involving the same defect.[14] Magistrate Judge Teresa James

---

[10] *Hilton v. Sedgwick County, Kan.*, No. 15-2021-JAR, 2015 WL 3904362, at *1 (D. Kan. June 25, 2015) (internal quotations and citations omitted).
[11] *Butler v. Daimler Trucks North America LLC,* No. 19-2377-JAR-JPO, 2020 WL 128052, at *1 (D. Kan. Jan. 10, 2020).
[12] *Id.* at *1 (internal quotations omitted).
[13] *McKellips v. Kumho Tire Co., Inc.,* No. 13-2393-JTM-TJJ, 2014 WL 3541726, at *1 (D. Kan. July 17, 2014).
[14] *Id*. (proposed sharing provision allowed for disclosure to "[a]ny attorney representing a party in a personal injury or wrongful death case" against the defendants).

5

referred to the proposed provision as a "'preemptive' sharing provision."[15] Judge James reasoned as follows:

> It would essentially allow discovery of Defendants' designated confidential information by as-yet unnamed plaintiffs or potential plaintiffs in collateral litigation without any court supervision and without any opportunity for Defendants to object to the disclosure. Plaintiffs' proposed sharing provision would give Plaintiffs' counsel the sole discretion to decide which attorneys met the criteria for disclosure of Defendants' confidential information. It does not require any advance notice be given to Defendants of those being provided confidential information, or any opportunity for Defendants to object in advance of the disclosure.[16]

Judge James was not persuaded by plaintiffs' arguments that a sharing provision was appropriate. She concluded if the plaintiffs became aware of similar product liability cases against defendants, they could raise the sharing provision, and the court would consider it on a case-by-case basis.[17]

In her response, Plaintiff argued this Court should allow the sharing provision to be included in the proposed protective order because Magistrate Judge Kenneth Gale entered a protective order containing a sharing provision[18] in a pending case, *Cox v. Ford Motor Company*.[19] But that case is distinguishable. Plaintiff cites the *Cox* protective order, titled "Stipulated Protective Order," not an opinion in which Judge Gale addressed a controversy between the parties. And, neither party filed a motion to resolve disputes concerning the

---

[15] *Id.*
[16] *Id.*
[17] *Id.* at *2; see also *Hilton v. Sedgwick County, Kan.*, Case No. 15-2021-JAR, 2015 WL 3904362 (D. Kan. June 25, 2015) (Magistrate Judge Karen Humphreys agreed with Judge James and granted defendants' motion for a protective order without a sharing provision).
[18] ECF No. 26 at ¶ 4 (citing *Cox v. Ford Motor Company*, Case No. 18-2289-JAR-KGG, Stipulated Protective Order, ECF No. 44 (D. Kan. Oct. 26, 2018)).
[19] *Cox v. Ford Motor Company,* No. 18-2289-JAR-KGG (D. Kan. filed June 1, 2018).

protective order. Thus, there is no indication there was a dispute before that court involving the inclusion of the sharing provision.

There is another important difference between the protective order in *Cox* and the matter before this Court. The *Cox* protective order included a provision allowing defendant or any producing party to designate documents as "Non-Sharing." Such a provision allowed the defendant some control over what documents the plaintiff could share with litigants in similar pending cases. There is no similar "Non-Sharing" provision offered here.

In addition, Plaintiff cites for support *Cowan v. General Motors Corp.*,[20] where Magistrate Judge Donald Bostwick addressed the parties' dispute over a sharing provision in a protective order. *Cowan v. General Motors Corp.* is also distinguishable. In *Cowan*, plaintiff's proposed protective order allowed for "information deemed confidential [to] be 'disclosed to any attorney representing plaintiffs and the experts and consultants retained by plaintiffs or their attorneys' if such other litigation involved a 'substantially similar' product and issue and if such attorney executed an affidavit 'agreeing to be bound by the terms' of the Protective Order to be entered in [that] case."[21] Judge Bostwick rejected plaintiff's proposal. The court noted it did not "see how the method for dissemination to counsel in similar cases would assist Plaintiff in prosecuting" the case before it.[22] Instead, the court adopted the procedure requested by the defendant. Defendant was "not opposed

---

[20] *Cowan v. General Motors Corp.*, No. 06-1330-MLB-DWB, 2007 WL 1796198 (D. Kan. June 19, 2007).
[21] *Id.* at *3 (quoting the plaintiff's proposed protective order, ECF No. 16, Ex. B at 3).
[22] *Id.* at *4.

to the distribution of its confidential information to other plaintiffs' counsel handling similar claims" but proposed having any attorney involved in other litigation to first contact defendant's counsel, "who could then determine if such other litigation involved a 'substantially similar' product and issues."[23] If defendant's counsel made a positive determination, then either defendant would provide the confidential documents or defendant would authorize plaintiff's counsel to provide the documents. The attorney in a collateral lawsuit would have to sign an agreement to be bound by the parties' protective order.[24] No such agreement exists here.

3. **Conclusion on Sharing Provision**

The cases cited by Plaintiff are distinguishable. Plaintiff's counsel, by his own admission, is not aware of any similarly-situated pending litigation. Plaintiff's proposed sharing provision would apply to unknown potential litigants and would give her counsel sole control over which attorneys meet the criteria for disclosure of Defendant's confidential information. The sharing provision suggested by Plaintiff takes control away from Defendant and this Court. The Subaru Defendants' rationale for rejecting the sharing provisions is more in line with the reasoning of magistrate judges in the District of Kansas, in cases such as *Butler*[25] and *McKellips*,[26] discussed above, and in *Hilton v. Sedgwick*

---

[23] *Id*. at *3.
[24] *Id*. at *3-4.
[25] *Butler,* 2020 WL 128052, at *1.
[26] *McKellips,* 2014 WL 3541726, at *1.

*County, Kansas*.²⁷ For these reasons, the Court **GRANTS** Defendants' motion and excludes Plaintiff's proposed sharing provision²⁸ from the protective order.

### B. Document Retention

Although not as thoroughly outlined, the parties also disagreed on the issue of retention of documents at the conclusion of the litigation. In summary, Defendants want the immediate return of confidential documents at the conclusion of litigation, and Plaintiff wants to leave it in the hands of the requesting party to retain the documents indefinitely.²⁹

In their motion and memorandum, Defendants do not address the differences between the parties' confidential document retention provisions. This may be due to the fact the Court's form for protective orders contains a provision that calls for the return or destruction of confidential documents within a number of days after litigation concludes. In her response, Plaintiff questions whether any argument regarding the protective order's retention provision is necessary.³⁰ Plaintiff then proceeds to point out the court in *Butler v. Daimler Trucks North America LLC* approved a 10-year retention provision.³¹ When reaching the 10-year retention provision, the *Butler* court considered the Kansas Rule of Professional Conduct 1.15(a), which requires counsel to preserve records for "a period of five years after termination of representation" and KBA Legal Ethics Opinion No. 15-01 which states in part, "a good rule of thumb for an initial retention period for most files is

---

²⁷ *Hilton v. Sedgwick County*, *Kan.*, No. 15-2021-JAR, 2015 WL 3904362, at *1 (D. Kan. June 25, 2015)
²⁸ ECF No. 23, Ex. 2 at ¶ 14.
²⁹ ECF No. 23, Ex. 1 at ¶13; ECF No. 26 at ¶18.
³⁰ ECF No. 26 at ¶16.
³¹ ECF No. 26 at ¶ 17 (citing *Butler,* 2020 WL 128052, at *4).

ten years, since that span exceeds the statutes of limitations and repose applicable to most professional liability claims."

After careful analysis, this Court finds Defendants' proposed retention provision more persuasive. The District of Kansas form for protective orders provides "all provisions of [the protective order] will remain in effect and continue to be binding after conclusion of the litigation."[32] As has been mentioned, the form goes on to allow litigants to agree on the number of days after litigation ends for all confidential documents to be returned to the producing party or destroyed.[33] When creating this form, the judges of the United States District Court for the District of Kansas were well aware of the Kansas Rule of Professional Conduct 1.15(a) and KBA Legal Ethics Opinion No. 15-01. Furthermore, producing parties, such as the Subaru Defendants, are aware of their ethical duties to retain documents after the conclusion of litigation. For these reasons, the Court finds Defendants' retention provision the appropriate procedure. Plaintiff's proposed retention provision shall be excluded from the protective order.[34]

### C. Conclusion

For the reasons set forth above, IT **IS THEREFORE ORDERED** that the Subaru Defendants' Motion for the Entry of a Protective Order (**ECF No. 23**) is **GRANTED**. Defendants shall submit to the undersigned at ksd_Birzer_chambers@ksd.uscourts.gov their Stipulation for Protective Order, in Word format, by **March 31, 2020**.

---

[32] Court Form at ¶10(a), available at http://ksd.uscourts.gov/index.php/rules/.
[33] *Id.* at ¶10(b).
[34] ECF No. 23, Ex. 2 at ¶ 13.

**IT IS SO ORDERED.**

Dated March 24, 2020, at Wichita, Kansas.

                                                s/ Gwynne E. Birzer
                                                GWYNNE E. BIRZER
                                                United States Magistrate Judge