# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CARRIE WATERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 19-2525-KHV-GEB |
| | ) |
| **FUJI HEAVY INDUSTRIES, LTD, and** | ) |
| **SUBARU OF AMERICA INC.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

This matter is before the Court on movant the State of Kansas, Department of Labor's ("KDOL") motion to quash Defendant FUJI Heavy Industries' subpoena of Plaintiff's unemployment records **(ECF No. 39)**. Movant KDOL filed the motion on November 18, 2020, making any response to the motion due December 2, 2020. No response in opposition or other related briefing has been filed by any party to this case. Therefore, the motion is uncontested and may be granted without further notice pursuant to D. Kan. Rule 7.4.

However, in its discretion, the Court finds it appropriate to grant the motion without prejudice to any future, appropriately-limited subpoena issued to the KDOL. In a recent opinion, another court in this District undertook a thorough review of a similar disputed issue in the matter of *Achee-Sharp v. Lenexa Real Estate Portfolio Partners, LLC*.[1]   In

---

[1] *Achee-Sharp v. Lenexa Real Estate Portfolio Partners, LLC*, No. 19-CV-2100-KHV-TJJ, 2020 WL 5747910, at *1 (D. Kan. Sept. 25, 2020)

*Achee-Sharp*, the court found state law applied to determine the privilege in the diversity matter,[2] as would similarly apply to this negligence and products liability action. The court further found, as the movant KDOL argues here, that K.S.A. § 44-714(e) governs any claim of privilege as to the unemployment records subpoenaed from KDOL.[3] Analyzing other opinions from both the District of Kansas federal courts and Kansas state courts, the court in *Achee-Sharp* drew the clear distinction between the privilege afforded to KDOL benefit hearing transcripts and all other unemployment records.[4]

In this case, Defendant's subpoena to the KDOL rather broadly seeks, "Any and all records from birth to present pertaining to [Plaintiff] Carrie Lynn (Lucas) Waters." (ECF No. 40.) Movant KDOL seeks to quash the subpoena in its entirety. Although KDOL's instant motion may be granted as unopposed pursuant to local rule, the Court is aware that—had Defendants properly responded—the motion would potentially have been granted only in part in light of other authority. Without additional context from the parties, however, which was not filed, the Court is unable to determine the relevance of the

---

[2] *Id*. at *1.

[3] *Id*. at *2. In the instant matter, the KDOL actually argues that K.S.A.§ 44-714(f) applies; however, the undersigned construes this to be an error.

[4] *Id*. at *2-3. ("A statutory requirement for confidentiality of certain information is quite different from a statutory prohibition that certain documents or information are not discoverable or admissible in evidence in any other proceeding. Recognizing this difference, the federal cases from the District of Kansas have applied the state law privilege created by K.S.A. § 44-714(e) solely to transcripts from unemployment benefits hearings. . . . Under the plain language of K.S.A. 44-714(e), only unemployment benefits hearing transcripts are listed as "not discoverable or admissible in evidence in any other proceedings." If the Kansas legislature had intended for all information obtained pursuant to the administration of the Kansas Employment Security Law to not be discoverable or admissible, it could have amended the statute to reflect this intent. KDOL has not met its burden to show the privilege set forth in K.S.A. 44-714(e) applies to any unemployment records other than benefits hearing transcripts.")

information sought to this case.

Therefore, although the Court grants the KDOL's motion to quash this particular subpoena as unopposed, the parties are encouraged to review the thorough analysis of this issue in *Achee-Sharp* and other related authority and confer regarding any potential future subpoena to the KDOL.  It goes without saying any future subpoena should be appropriately narrowed to fall within the scope of discovery under Fed. R. Civ. P. 26(b)(1).

**IT IS THEREFORE ORDERED** that the movant KDOL's Motion to Quash Defendant's subpoena of Plaintiff's unemployment records **(ECF No. 39)** is **GRANTED** as set forth above.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 7th day of December, 2020.

                                               s/ Gwynne E. Birzer
                                               GWYNNE E. BIRZER
                                               United States Magistrate Judge